**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3764

_____

UNITED STATES OF AMERICA

v.

FRANCIS BROOKS,
                              *Appellant*
_____

Appeal from the District Court of the Virgin Islands
(District Court No. 3-10-cr-00036-002)
District Judge: Hon. Curtis V. Gomez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2019
_____

Before: SMITH, *Chief Judge*, McKEE and SHWARTZ, *Circuit Judges*.

(Opinion filed: January 15, 2020)
_____

OPINION*
_____

McKEE, *Circuit Judge*.

Francis Brooks appeals his judgment of sentence, arguing that the District Court

abused its discretion by denying him a downward departure from the applicable Sentencing

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Guidelines range and that his sentence is substantively unreasonable.[1] Because the District Court understood but declined to exercise its authority to depart from the Guidelines, we will dismiss Brooks' appeal in part for lack of jurisdiction[2], and because his sentence is substantively reasonable, we will affirm the judgment of sentence.[3]

## I.

We review criminal sentences for both procedural error and substantive reasonableness.[4] While Brooks concedes his sentencing was procedurally fair, he argues that the District Court's denial of his request for a downward departure resulted in a substantively unreasonable sentence.[5] We review the reasonableness of a sentence for abuse of discretion.[6] We determine whether the District Court "gave 'meaningful consideration' to the sentencing factors set out in § 3553(a)," and if so, "we give

---

[1] App. Br. at 21.

[2] *United States v. Lofink*, 564 F.3d 232, 240 (3d Cir. 2009) ("we are not at liberty to review a discretionary denial.").

[3] The District Court of the Virgin Islands had subject matter jurisdiction pursuant to 18 U.S.C. § 3241. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[4] *United States v. Hester*, 910 F.3d 78, 90-91 (3d Cir. 2018).

[5] If the District Court denies a request for a downward departure based on a belief that a departure was legally impermissible based on the grounds proffered, we have jurisdiction to review and determine whether the District Court's understanding of the law was correct. *United States v. Stevens*, 223 F.3d 239, 247 (3d Cir. 2000). However, when a District Court understands its authority to depart from the Sentencing Guidelines but exercises discretion not to do so, we lack jurisdiction to review such discretionary denials. *Lofink*, 564 F.3d at 240; *see also United States v. Jackson*, 467 F.3d 834, 839 (3d Cir. 2006) ("[A]s it was pre-*Booker*, courts of appeals post-*Booker*, have no authority to review discretionary denials of departure motions in calculating sentencing ranges."). Because the District Court understood its authority to depart from the suggested Guidelines range and rejected Brooks' motion on the merits, we will dismiss Brooks' appeal for lack of jurisdiction in so far as he suggests the District Court abused its discretion by denying him a downward departure.

[6] *Hester*, 910 F.3d at 90-91.

deference to its discretion in choosing the ultimate sentence. Our review is accordingly limited to determining whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)."[7] Reasonableness review "is highly deferential, and we will affirm unless no reasonable sentencing court would have imposed the same sentence…for the reasons the district court provided."[8]

The District Court considered the appropriate section 3553(a) factors in the context of Brooks' case. The District Court considered the seriousness of the offense, stating "this is a case that involved law enforcement officers engaging in a breach of their sworn duty and engaging in conduct that involved racketeering and a number of other things, that at the very least reflected a conflict of interest with their sworn duties, but significantly involved substantive criminal acts."[9] The District Court also considered the need to "deter this type of conduct, protect the community from this type of conduct…and also impose a sentence that will be no more severe than is necessary to achieve the objectives of the Sentencing Commission."[10] Finally, the District Court imposed a sentence to "achieve parity with similarly-situated individuals, and…to ensure that the defendant[], to the extent necessary, receive[s] such medical treatment, mental

---

[7] *United States v. Jimenez*, 513 F.3d 62, 90 (3d Cir. 2008) (internal citation and quotation marks omitted).
[8] *United States v. Gillette*, 738 F.3d 63, 79 (3d Cir. 2013) (internal quotation marks and citation omitted).
[9] JA64.
[10] JA64.

health therapy, educational opportunities, training opportunities as are appropriate under the circumstances."[11]

Furthermore, Brooks' health condition and family responsibilities do not make his sentence substantively unreasonable.[12] The District Court considered and reasonably rejected Brooks' arguments that his health complications related to his brain tumors and the symptoms of HIV made the conditions of confinement inhumane because there was no showing that the confinement would cause his condition to worsen nor that the Board of Prisons was unable to provide Brooks necessary medical care.[13] Likewise, the District Court found Brooks' argument that he needed to care for minor children inconsistent with his debilitating medical condition, explaining that "the extraordinary physical impairment to which the defendant refers is one that certainly undercuts the support of – or family responsibilities that the defendant also seeks a downward departure for."[14]

Thus, Brooks has failed to meet his burden of demonstrating that no reasonable court would have imposed the same sentence on him for the reasons provided by the District Court. The District Court imposed a reasonable sentence in light of the relevant factors under section 3553(a). We find no abuse of discretion in the decision of the District Court.

**III.**

---

[11] JA64-65.

[12] Because we lack jurisdiction to review the District Court's discretionary decision to deny Brooks' request for a downward departure, we review only whether his circumstances make his sentence substantively unreasonable.

[13] JA50.

[14] JA49-50.

For the reasons stated above, we will dismiss Brooks' appeal for lack of jurisdiction in part and affirm the District Court's judgment of sentence.